Hon. C. Voorhies,
Hon. A. M. Buchanan,
Hon. A. N. Ogden,
Hon. J. G. Campbell.
} *Associate Justices.*

---

Glendy Burke *v.* His Creditors, and the Creditors of Glendy

Burke & Co.

A purchaser can not be compelled to complete the sale in conformity with the *proces verbal* of the auctioneer, when the *proces verbal* varies both from the advertisement and the order of sale.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J.*— *Walker & DeFrance*, for the Syndic :

But the appellant contends that we are bound solely and entirely by the advertisement. That all evidence as regards the acts, the explanations sought and given, and declarations made by the auctioneer at the time of sale, cannot enter into the contract, nor be considered by the Court, nor proof be offered regarding them.

The appellant seems to consider the advertisements of auctioneers as contracts of the most solemn nature ; as unalterable as the laws of the Medes and the Persians ; as irrevocable as the decrees of fate ; a species of Procrustean bed into which all lengths, all breadths, all sizes must be made to fit.

This extraordinary position is attempted to be sustained by several decisions of our Court, some of which are herein referred to, and all perhaps, decisions proper and just under their peculiar circumstances. One fact is, however, true with regard to them all ; a fact which conclusively answers the exceptions taken by appellant's counsel, to the admission of any testimony with regard to the facts which transpired at the time of sale. That fact is this, that in *every* case, the circumstances attendant on the several transactions, are minutely shown and and attentively considered by the Court, and in one, the most recent of them, *Poree* v. *Bonneval*, 6th A., 387 ; the wisdom of such a course is properly commended. In the 19th L. R., are two cases, *Nott & Co.* v. *Oakey*, page 18. After examining the facts of the case, the purchaser was released from the penalty of a sale *a la folle enchere* because conditions more onerous were imposed by the auctioneer, and conditions at variance with those in hand-bills distributed through the crowd. "The purchase may have been made, say the Court, under an error created by the plaintiffs themselves." It will be

BURKE
*v.*
HIS CREDITORS.

found that the only principle enunciated in this and in all analogous decisions is this rule as old as law itself: that when error is created in the mind of the purchaser by the act of the vendor, the purchaser is not bound and should not suffer.

The difference between these cases and the present is, that the defendants do not claim the benefit of any alleged error on the part of the vendor, but claim to substitute a contract of their own in place of one incurred.

*C. Roselius* appeared for the Syndic and Auctioneers.

*Levi Pierce* for defendant and appellant.

As to the merits of the case, the Tutor, defendant, submits that

All sales of property ceded to creditors must be made on the same terms and under the same formalities that property seized on execution is sold. Art. 2180 Civil Code.

When there exists a mortgage or privilege on the property put up for sale, the Sheriff shall give notice before he commences, that the property is sold subject to all privileges and hypothecations of whatsoever kind they may be, with which the same is burthened, and with the condition that the purchaser shall pay in his hands whatever portion of the price for which the property shall be adjudicated, may exceed the amount of the privileges and special mortgages to which such property is subject. Code of Practice, Art. 679. Vide also 683.

Art. 689. When a seizing creditor has a privilege or special mortgage on the property seized, for a debt of which all the instalments are not yet due, he may demand that the property be sold for the whole of the debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such instalments as are not due. Vide *Loucks* v. *Union Bank,* 2d An., p. 618.

Act of 1817, p. 134, Sec. 16. The privileged or mortgaged creditors of the insolvent debtor shall not be bound by the decisions of the majority of the other members, either in amount or persons, if the said creditors want to sell the property on credit, and the privileged or mortgaged creditors shall always have the right to require that the sale of so much property only on which their respective privileges, or mortgages rest, be made for cash as will be sufficient to make the amount due to them, together with interest and costs.

La. Rep., Vol. 7. The mere legal agent appointed to sell property by authority of law, has no powers but those conferred by law. Page 421, (as a Syndic.)

La. Rep. Vol. 19, p. 18. Where the terms of an auction sale are changed, or new conditions imposed from those advertised, by proclaiming them at the stand, at the commencement of the sale, the purchaser is not bound by them. *Nott & Co.* v. *Oakey.*

2d Annual, p. 2. The advertisements are binding upon both purchaser and vendor, and neither party can insist on any thing that was said by the auctioneer at the time of sale, in any respect varying or adding to the printed conditions or the description of the object offered. *Layton* v. *Hennen. Babington on Auction Law,* Lib. 18. Vide 6 Annual, 386, to the same effect.

The case is now stated to the Court, and the authorities on which the defendant relies.

SLIDELL, C. J. This case arises on a rule taken against the tutor of *Wm. R. Burke* to enforce his compliance with an adjudication at auction of certain real estate.

We are of opinion that the defendant cannot be compelled to complete the sale in conformity with the *procs verbal* of the auctioneer, which is made the basis of the rule, because it varies both from the advertisement and the orders of sale.

It is said that the change which constitutes this variance was announced by the auctioneer at the stand, and that *Burke* understood it. Without deciding the question whether parol evidence was admissible to show what declarations were made at the sale by the auctioneer, and what conversations took place, we think it sufficient to say that the testimony of the auctioneer as to what he ob-

served to the audience is at variance with his *proces verbal,* and both are at variance with the advertisement; and the conclusion is forced upon our mind, that the matter was not understood either by the auctioneer himself or the audience, in consequence of the obscurity of the advertisement.

The only mode of doing justice to all parties, the creditors and the purchasers, is to set aside the adjudication as irregularly made.

There is a circumstance connected with the mortgage debt which seems to have been overlooked in the application for the order of sale, in the order, and in the advertisement; and that is, that two interest notes were due, and had become under the contract a cash capital bearing eight per cent. interest. Whether this stipulation as to compound interest was or was not unlawful, we express no opinion. But at all events, two interest notes were due before the sale, so that whatever equity there might be in treating the use of the property by the purchaser after his purchase, as an equivalent for the unmatured interest notes, there certainly was none in asking him to pay interest which had matured before the sale without giving him credit for it on the amount of his bid. We would also add that the property was mortgaged to the State for forty-three interest notes of $155 35 each, and the *proces verbal* speaks of forty-two of that denomination to be assumed, without specifying which they are.

We recommend the granting of a new order of sale by the Court below, providing specifically for the terms of the sale in this complicated matter, so that the advertisements may inform bidders clearly what will be their liability.

It is therefore ordered that the judgment of the District Court be reversed, and that this adjudication to *G. Burke,* tutor, be annulled, the costs of the rule in both cases to be paid by the insolvent estate.